#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NADIA COX | ) | |
| | ) | |
|     Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| PHILLIPS 66 COMPANY | ) | |
| | ) | |
| | ) | |
|     Defendant. | ) | |

### COMPLAINT AND JURY DEMAND

1. Nadia Cox is an individual of the full age of majority and a resident of St. Charles Parish, Louisiana.

2. Phillips 66 Company ("Phillips 66"), is a Delaware corporation with its principal place of business located in Texas.

3. Phillips 66 operates a plant in Belle Chasse, Louisiana, located within this District.

4. Phillips 66 employed more than twenty-five individuals at its Belle Chasse plant at all relevant times to this Complaint.

5. Phillips 66 employed more than 500 employees in the United States at all times relevant to this Complaint.

### JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. A substantial part of the events or omissions giving rise to this claim occurred within this District. Venue is therefore proper in this Court.

8. Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC") on April 15, 2020, within 300 days of the termination of her employment.

9. On or about June 22, 2020, the EEOC issued a right to sue letter to Plaintiff.

10. Plaintiff has therefore satisfied all statutory prerequisites for filing this suit.

11. The amount in controversy in this matter exceeds $75,000 exclusive of costs.

12. Plaintiff hereby requests a trial by jury on all claims so triable.

## FACTUAL ALLEGATIONS

13. Plaintiff began working for Phillips 66 in January 2019.

14. Plaintiff worked at the Belle Chasse plant as an Operator Trainee.

15. Plaintiff received positive performance reviews throughout the course of her employment.

16. During the course of her employment, Plaintiff became pregnant, with a due date in April 2020.

17. In October 2019, Plaintiff notified Defendant that she was pregnant.

18. On October 30, 2019, Plaintiff's physician Dr. Monique P. Hamilton signed a "Disability/FMLA Cover Sheet" requesting light duty / desk duty for the remainder of Plaintiff's pregnancy. This document specifically noted that Plaintiff's due date was April 25, 2020.

19. On the evening of November 6, 2019, a Phillips 66 supervisor called Ms. Cox and told her not to return to work, as Defendant would not offer her a light duty position.

20. Cox was told that she should instead take Short Term Disability, or STD, leave.

During this leave Ms. Cox received 60% of her regular pay.

21. Defendant further told Ms. Cox that she was to obtain another doctor's note and an "Employee Health Report" or EHR after one month of leave.

22. This request made no sense, as the prior doctor's note specifically stated that Cox's due date was April 25, 2020.

23. Plaintiff nevertheless complied and went back to the doctor's office on November 27, 2019 to reconfirm that she was, in fact, pregnant. She dutifully prepared an EHR on that same date and gave it to her doctor to complete and sign.

24. Nevertheless, on December 6, 2019, Defendant drafted a letter stating that Plaintiff's STD benefits were being cut off.

25. Notably, this letter was dated less than one month after the beginning of Ms. Cox's leave, which was November 7, 2019.

26. On December 12, 2019, Defendant called Ms. Cox into a meeting with Nat Sylve and Ann Janson.

27. Sylve was a shift supervisor at the Belle Chasse plant, but he was not Plaintiff's shift supervisor. Janson worked in the Human Resources Department.

28. Sylve and Janson informed Plaintiff that she was fired because she was "AWOL," or "Absent Without Leave," on December 6th and December 9th.

29. At no point on December 6th or December 9th (or any other day) did Defendant, or any employee of Defendant, contact Ms. Cox regarding her supposed absence.

30. Nor did Defendant, or any employee of Defendant, ever tell Ms. Cox that Phillips 66 had not received an updated EHR.

31. December 6th and December 9th were both scheduled off days for Plaintiff.

32. These two dates were the first supposed instances of unexcused "absences" since Ms. Cox began working for Phillips 66 in January 2019.

33. Defendant's Attendance Policy states in relevant part:

> Each occurrence of AWOL will subject an employee to disciplinary action and the employee will not be compensated for the absence(s) per the Corporate Short Term Disability Policy.  One AWOL occurrence shall subject an employee to the written warning step of discipline, two (2) AWOL occurrences for an employee in 12 month period [sic] may subject the employee to suspension. A third AWOL occurrence in a 12 month period may subject the employee to termination unless there are extenuating circumstances that exist as determined by management.

34. The Attendance Policy further states: "Failure to report to work or notify the Company for three days results in employee voluntary resignation (3 days no call no show)."

35. Defendant therefore did not follow its own Attendance Policy by terminating Ms. Cox after only two days of alleged absence without leave.

## FIRST CAUSE OF ACTION

## TITLE VII/PREGNANCY DISCRIMINATION ACT

36. Plaintiff hereby realleges and reincorporates all paragraphs set forth above.

37. The Pregnancy Discrimination Act forbids discrimination against any employee based on pregnancy, childbirth, or related medical conditions.

38. Defendant discriminated against Plaintiff in violation of Title VII and the Pregnancy Discrimination Act on the basis of her gender by terminating Plaintiff's employment because of her pregnancy, childbirth, or related medical conditions.

39. As a direct and proximate result of this unlawful conduct, Plaintiff has suffered and continues to suffer from damages including lost wages, severe mental anguish and emotional distress, depression, humiliation, embarrassment, stress and anxiety, loss of self-

esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

40. Defendant's unlawful and retaliatory conduct was outrageous and malicious, intended to injure the Plaintiff and done in conscious disregard of her civil rights, entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION

## LOUISIANA EMPLOYMENT DISCRIMINATION LAW

41. Plaintiff hereby realleges and reincorporates all paragraphs set forth above.

42. La. Rev. Stat. § 23:342 of the Louisiana Employment Discrimination Law (LEDL) states that no employer shall discriminate against or discharge an employee due to "pregnancy, childbirth, or related medical condition," or prevent a pregnant employee or recent mother from "receiv[ing] the same benefits or privileges of employment granted by that employer to other persons not so affected who are similar in their ability or inability to work."

43. La. Rev. Stat. § 23:341 further states that an employer must offer a minimum of six weeks of leave for a "normal pregnancy, childbirth, or related medication."

44. Defendant discriminated against Plaintiff in violation of the LEDL on the basis of her gender by terminating Plaintiff's employment because of her pregnancy.

45. Defendant further discriminated against Plaintiff by failing to give her a minimum of six weeks' leave for her pregnancy as required by Louisiana law.

46. As a direct and proximate result of this unlawful conduct, Plaintiff has suffered and continues to suffer from damages including lost wages, severe mental anguish and emotional distress, depression, humiliation, embarrassment, stress and anxiety, loss of self-

esteem and self-confidence, and emotional pain and suffering, for which the she is entitled to an award of monetary damages and other relief.

### THIRD CAUSE OF ACTION

### AMERICANS WITH DISABILITIES ACT

47. Plaintiff hereby realleges and reincorporates all paragraphs set forth above.

48. When Plaintiff provided her initial doctor's note to Defendant, Defendant instructed Plaintiff to take what it called "Short Term Disability" leave. Plaintiff is therefore either disabled under the Americans with Disabilities Act, or was regarded as disabled by Defendant.

49. Plaintiff was a qualified individual who was able to discharge all essential functions of her job with reasonable accommodation.

50. Defendant did not offer Plaintiff any reasonable accommodation other than Short Term Disability leave, which was later preemptively canceled without warning. Instead, Plaintiff was terminated.

51. Defendant's actions were outrageous and malicious, and were done with reckless disregard of Plaintiff's protected civil rights.

52. Defendant's unlawful actions have caused damages to Plaintiff in an amount to be proven at trial.

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

    a.    For a declaratory judgment stating that Defendant's practices and actions alleged herein violate federal law;

    b.    For an award of all lost wages, including benefits;

c. For other general and special damages according to proof;

d. For reinstatement or an award of front pay in lieu thereof;

e. For an award of reasonable attorney's fees;

f. For costs of suit;

g. For injunctive or equitable relief as provided by law;

h. For an award of compensatory and punitive damages to be proven at trial;

i. For pre and post-judgment interest; and

j. For such other and further relief as may be just and proper.

Respectfully Submitted,

_____/s/ Charles J. Stiegler_____
Charles J. Stiegler, #33456 (TA)
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com